UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

CARLOS A. ANTONETTI,

                Plaintiff,            **MEMORANDUM & ORDER**
                                                          17-CV-3170 (LDH)(LB)
        v.

CITY OF NEW YORK; NEW YORK
POLICE DEPARTMENT; 83rd PRECINCT
(N.Y.C. P.D); OFFICERS JOHN DOES and
JANE DOES, 83rd Precinct Detective Squad;
DET. COTE; DET. JOHN DOES; DET. JANE
DOE; DETECTIVE SQUAD 83RD,

                Defendants.
-----------------------------------------------------------------

LASHANN DEARCY HALL, United States District Judge:

    Plaintiff Carlos Antonetti, proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 against the City of New York, the New York Police Department ("NYPD"), the NYPD's 83rd Police Precinct, the Precinct's Detective Squad, and police officers and detectives, alleging that they did not adequately investigate a crime committed against him on October 4, 2016 or prosecute its perpetrators.[1] Plaintiff seeks damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, and the complaint is dismissed for the reasons set forth below.

---

1 This is at least the third action that Plaintiff has filed in this district in which he alleges that police officers failed to adequately investigate a crime committed against him. *See Antonetti v. City of New York,* No. 15-CV-6719 (NGG), 2015 WL 8071004, at *3 (E.D.N.Y. Dec. 4, 2015) (dismissing Plaintiff's claim that police officers conducted a substandard investigation of his assault with a baseball bat by two acquaintances for failure to state a claim on which relief may be granted); *Antonetti v. City of New York*, 17-CV-2313 (LDH) (dismissing claim that police officers conducted a substandard investigation of the alleged August 27, 2016 theft of Plaintiff's personal property from a nightclub and subway car).

# BACKGROUND[2]

The events relevant to the instant complaint occurred on October 4, 2016, at Plaintiff's apartment at 263 Stockholm Street in Brooklyn. At approximately 1:30 a.m. that morning, a private dispute between Plaintiff and his roommate, a short-term subletter, escalated when Plaintiff kicked the subletter out of the apartment and refused to accede to the subletter's demands to get his money back. The subletter's three friends, Miles Rosenfeld, Rosenfeld's father, and an unnamed Uber driver, got into a fight with Plaintiff, and someone called the police. Police officers from the NYPD's 83rd Precinct responded to the call. When Plaintiff demanded that the other individuals be arrested, the officers responded that all parties—including Plaintiff—would be arrested if Plaintiff insisted on there being any arrests. Before leaving, the officers oversaw the removal of the subletter's belongings from Plaintiff's apartment, and Plaintiff issued a refund to the subletter. Plaintiff alleges that his attackers also removed an "Amazon fire stick" that belonged to him, exhumed Plaintiff's recently deceased pet turtle and left it on his doorstep, spit on Plaintiff's doorknob, and later sent threatening text messages to Plaintiff. In response to these actions, Plaintiff called the police four times later that morning. The officers prepared a police report as to Miles Rosenfeld for aggravated harassment.

Because he was distressed that the police did not charge the subletter and friends with assault, he filed a claim with the Internal Affairs Bureau ("IAB") and went to both the District Attorney's ("DA") office and Detective Cote of the 83rd Precinct demanding action. The police

---

2 The following facts are drawn from Plaintiff's complaint and its attachments, the allegations of which are presumed to be true for purposes of this Memorandum and Order.

stated that the incident was a civil matter and that if Plaintiff insisted on having the subletter and his friends charged with assault, he would also be charged. The DA's office, in contrast, stated that a warrant would be issued for Miles Rosenfeld's arrest on the charge of aggravated harassment and that other charges would be added. On October 16, 2016, Miles Rosenfeld was arrested and charged with multiple offenses, including two assaults.

A supervisor from the NYPD followed up with Plaintiff in April 2017. Plaintiff told the supervisor that the DA's office had handled the matter, but that the officers of the NYPD and the 83rd precinct were "negligent and unprofessional" and failed to treat Plaintiff like a victim. Plaintiff also informed the supervisor that he "had to go over their heads" to get anything done and that, even then, not all of the individuals who had assaulted him were ultimately charged with an offense.

Plaintiff files the instant complaint seeking this Court's "help to resolve this and come to a resolution and a settlement." He seeks damages for the mental and physical injuries he suffered during and as a consequence of the October 4, 2016 fight. Although not referenced in the complaint, Plaintiff attaches several documents that reveal that his IAB complaint resulted in the scheduling of a hearing pursuant to New York General Municipal Law § 50-H on December 16, 2016 by the New York City Comptroller's Office. There is no indication as to whether the hearing occurred. The attachments also demonstrate that Rosenfeld was charged with thirteen counts related to the assault, subsequent threats, and the taking of the "Amazon fire stick" of October 4, 2016. These charges included gang assault, assault in the second degree, assault in the first degree, and petit larceny.

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts construe a pro se plaintiff's pleadings liberally, particularly when, as here, they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

The Court construes this complaint as being brought pursuant to 42 U.S.C. § 1983, as it provides the only possible basis for jurisdiction. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

That is, in order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979).

Plaintiff's allegations do not suggest that any of the Defendants violated the United States Constitution or any federal laws. A police officer's failure to pursue a particular investigative path is not a constitutional violation. *Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that there is no constitutionally protected right to have a government investigation of alleged wrongdoing); *Martinez v. County of Suffolk*, 999 F. Supp. 2d 424, 430 (E.D.N.Y. 2014) (plaintiff has no constitutionally protected right to have officers investigate his complaints); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 388 (E.D.N.Y. 2013) (same); *Johnson v. Ruiz*, No. 11 CV 542, 2012 WL 90159, at *4 (D. Conn. Jan. 10, 2012) (holding that plaintiff had no constitutionally protected right to a proper investigation of his claims); *Stokes v. City of New York*, No. 05-CV-0007, 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate.") *Laupot v. City of New York,* 2002 WL 83673, at *2 (S.D.N.Y. Jan. 18, 2002) (dismissing plaintiff's

claim against City of New York and NYPD for failure to prosecute individual pursuant to noise complaints and allegations of harassment; plaintiff failed to allege a deprivation of any constitutionally protected right). Here, Plaintiff's allegations that the officers and detectives of the 83rd Precinct were dismissive of Plaintiff's complaints and that the NYPD conducted an allegedly substandard investigation do not constitute a constitutional violation. Plaintiff's § 1983 claim based on the failure to properly investigate and prosecute the alleged perpetrators of the crime is therefore dismissed because Plaintiff fails to state facts to support a constitutional deprivation. 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, a victim of allegedly criminal conduct is not entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime, nor is there a constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials. *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (a private citizen has no right to the prosecution or nonprosecution of another individual); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *McCrary v. County of Nassau,* 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory,* 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted.").

Moreover, even if Plaintiff had alleged a constitutional deprivation, several of the Defendants he has named are not proper parties to this action. He has not alleged that his injuries resulted from a municipal policy or custom, as is necessary to allege municipal liability

under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Further, Defendants NYPD, the 83rd Precinct, and its Detective Squad cannot sue or be sued, because under New York law, municipal agencies do not have a separate identity apart from the City. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004)) (quoting N.Y.C. Charter § 396) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except were otherwise provided by law."); *Araujo v. City of New York*, No. 08-CV-3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010) (dismissing all claims against the NYPD and the New York City Department of Correction as non-suable entities); *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (dismissing § 1983 claims against the NYPD's 46th Precinct as a non-suable entity).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has considered affording Plaintiff a chance to amend the complaint, but declines to do so. A review of the complaint does not suggest that Antonetti has inadequately or inartfully pleaded any potentially viable claims, and the Court determines that amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
October 19, 2017